UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

DENTAL HEALTH PRODUCTS INC.,

        Plaintiff,

    v.                                   Case No. 21-C-1292

TISHA COLEMAN and
BENCO DENTAL SUPPLY CO.,

        Defendants.

───────────────────────────────────────────────

### DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

───────────────────────────────────────────────

    Plaintiff Dental Health Products Inc. brought this action against Defendants Tisha Coleman and Benco Dental Supply Co., asserting claims of breach of contract and tortious interference with contract under Wisconsin law. Defendants removed this action from Brown County Circuit Court on November 10, 2021. Plaintiff filed a motion to remand on the ground that the removal is untimely. For the reasons that follow, Plaintiff's motion to remand is denied.

    Plaintiff commenced this action in Brown County Circuit Court on September 7, 2021. On September 15, 2021, Plaintiff's counsel emailed a copy of the file-stamped summons and complaint to Defendants' counsel along with correspondence asking whether he would accept service on behalf of Defendants. Dkt. No. 18-1. Defendants' counsel responded via email on September 17, 2021: "Without waiver of Benco's or Ms. Coleman's right to challenge jurisdiction, and without waiver of any procedural or substantive defenses, we can accept service. Please send me the appropriate forms." Dkt. No. 21-1 at 2. On October 5, 2021, Defendants' counsel sent a follow-up email requesting that Plaintiff's counsel provide the forms to effectuate service, stating, "[P]lease confirm whether you would like us to accept service, and let me know what you need us

to sign to effectuate service, so we all know what the appropriate deadlines are." *Id.* Defendants filed an admission of service on October 11, 2021. Dkt. No. 1-2 at 21. On November 10, 2021, Defendants removed the action to this Court.

Plaintiff asserts that Defendants' removal was untimely. The party seeking to invoke federal jurisdiction bears the burden of showing that removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely." *Id.* (citing 28 U.S.C. § 1446). Pursuant to 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). The Supreme Court in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.* held that the 30-day period to remove an action from state court "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. 344, 348 (1999).

Plaintiff asserts that Defendants were provided the summons and complaint on September 15, 2021, and that Defendants' counsel agreed to accept service on September 17, 2021. It maintains that defense counsel's agreement to accept service was an unequivocal "consent to waive formal service of process," Pl.'s Reply Br. at 7, Dkt. No. 23, and, therefore, the 30-day removal clock began to run on September 17, 2021. Citing *Collins v. Pontikes*, 447 F. Supp. 2d

2

895 (N.D. Ill. 2006), Defendants assert that the 30-day period to remove the case did not begin to run until they formally waived service on October 11, 2021.

In *Collins*, the plaintiffs brought an action in state court against J.P. Morgan Chase Bank and former directors and officers of Comdisco, Inc. *Id.* at 896. On January 28, 2006, plaintiffs' counsel asked counsel for seven individual defendants if he would accept service on their behalf. Defendants' counsel agreed to accept service on behalf of several clients and received a copy of the complaint on February 2, 2006. The plaintiffs subsequently effectuated service on February 15, 2006, and the defendants removed the case on March 17, 2006. The plaintiffs asserted that the agreement to accept service was a waiver of service and that the time for removal began to run when the defendants' counsel received a copy of the complaint on February 2, 2006. *Id.* at 897. The court noted that, in light of *Murphy*, "it is critical to identify precisely when a named defendant is officially summoned to appear in an action." *Id.* It found that an attorney's agreement to accept service on behalf of a client does not amount to a waiver of service. "An agreement to accept service is just that, an agreement," the court explained. *Id.* at 899. "Actual acceptance does not occur until service is received." *Id.* The court concluded that the 30-day removal period began when the defendants were formally served and, as a result, the removal was timely. *Id.*; *see also Murphy*, 526 U.S. at 347–48 ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

The Court finds *Collins* persuasive. Defense counsel's September 17, 2021, agreement to accept service on Defendants' behalf was not a waiver of service. Defendants formally waived service on October 11, 2021. Indeed, if counsel had waived service in September, Plaintiff's

3

counsel would not have forwarded acceptance of service forms to Defendants' counsel and would have objected to Defendants' formal acceptance of service filed with the state court on October 11, 2021, on the ground that Defendants had waived service earlier. The Court concludes that the 30-day period for removal began to run when Defendants waived service on October 11, 2021. Accordingly, Defendants' November 10, 2021, notice of removal was timely.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to remand (Dkt. No. 16) is **DENIED**.

Dated at Green Bay, Wisconsin this 20th day of May, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
