UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENTAL HEALTH PRODUCTS INC.,

        Plaintiff,

  v.                                                          Case No. 21-C-1292

TISHA COLEMAN and
BENCO DENTAL SUPPLY CO.,

        Defendants.

## DECISION AND ORDER

Plaintiff Dental Health Products Inc. brought this action against Defendants Tisha Coleman and Benco Dental Supply Co., asserting claims of breach of contract and tortious interference with contract under Wisconsin law. Defendants removed this action from Brown County Circuit Court on November 10, 2021. This matter comes before the Court on Defendants' motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer to the Southern District of Texas.

## BACKGROUND

Plaintiff, a Wisconsin corporation, hired Coleman, a Texas resident, on May 18, 2018, as an account manager for outside sales. Am. Compl. ¶ 6, Dkt. No. 1-2. In conjunction with her hiring, and as a condition of employment, Coleman executed a non-disclosure agreement and a non-competition and non-solicitation agreement. *Id.* ¶ 7. The agreements are governed by the laws of the state of Texas. Dkt. No. 1-2 at 30, 34. Coleman voluntarily terminated her employment with Plaintiff in February 2021 and was hired by Benco in an outside sales capacity. Am. Compl. ¶¶ 16–17.

On February 25, 2021, Plaintiff sent Defendants letters regarding Coleman's obligations under the agreements. *Id.* ¶¶ 18–19. Shortly thereafter, Plaintiff became aware that Coleman was calling on Plaintiff's customers that Coleman had sold products to while employed by Plaintiff. *Id.* ¶ 20. Coleman acted in concert with Patricia Bailey, another former employee of Plaintiff who was hired by Benco, and within six months of leaving Plaintiff, Coleman solicited an employee to leave Plaintiff and join Benco. *Id.* ¶¶ 21–22. Plaintiff alleges that Benco intentionally allowed and encouraged Coleman to breach her contracts with Plaintiff by paying her to sell to customers from which she was prohibited from contacting pursuant to the agreements. *Id.* ¶ 24. Although Plaintiff demanded that Defendants cease and desist from their conduct, Defendants have continued their conduct. *Id.* ¶ 25. Plaintiff asserts a breach of contract claim against Coleman and a tortious interference with contract claim against Benco.

## ANALYSIS

Rule 12(b)(2) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of personal jurisdiction. Though the plaintiff has the burden of proving personal jurisdiction, the burden is not a heavy one. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799–800 (7th Cir. 2014). "The plaintiff need not include facts alleging personal jurisdiction in the complaint, but 'once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction.'" *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). In deciding whether personal jurisdiction exists, the court may rely on the complaint, affidavits, deposition testimony, exhibits, or other evidence in the record. *See Purdue*, 338 F.3d at 782. The court must draw all inferences from the record in the plaintiff's favor. *See*

*Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). "When the district court bases its determination solely on written materials and not an evidentiary hearing, plaintiffs must only make a *prima facie* showing of personal jurisdiction over the defendants to survive a motion to dismiss." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019).

"A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue*, 338 F.3d at 779 (citation omitted). Under Wisconsin law, a court must employ a two-step inquiry to determine whether personal jurisdiction may be exercised over a nonresident defendant. First, the court determines whether the defendant meets any of the criteria for personal jurisdiction under Wisconsin's long-arm statute, Wis. Stat. § 801.05. *Kopke v. A. Hartrodt, S.R.L.*, 2001 WI 99, ¶ 8, 245 Wis. 2d 396, 629 N.W.2d 662. If the statutory requirements are satisfied, the court considers whether the exercise of jurisdiction comports with the requirements of due process. *Id.* The plaintiff bears "the minimal burden of establishing a prima facie threshold showing" that the statutory and constitutional requirements are satisfied. *Id.* (citation omitted). The Court will first consider whether Plaintiff satisfies the constitutional requirements.

The Due Process Clause of the Fourteenth Amendment allows a court to exercise personal jurisdiction over an out-of-state defendant only if that defendant has "minimum contacts" with the forum State, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The concept of minimum contacts protects a defendant from having to litigate in a distant forum and allows the defendant to reasonably anticipate where he may be haled into court. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The primary focus of the personal jurisdiction analysis "is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior*

3

*Court of Cal., San. Fran. Cty.*, 137 S. Ct. 1773, 1797 (2017). Personal jurisdiction may either be general or specific, "depending on the extent of the defendant's contacts with the forum state." *uBid, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010); *see also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).

The Court begins with general jurisdiction. General jurisdiction is "all-purpose" jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Because Coleman is domiciled in Texas, this Court does not have general jurisdiction over her.

With respect to Benco, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 919 (citing *Int'l Shoe*, 326 U.S. at 317). As the Seventh Circuit observed in *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*: "In recent years, the Supreme Court has clarified and, it is fair to say, raised the bar for this type of jurisdiction. Because general jurisdiction exists even with respect to conduct entirely unrelated to the forum state, the Court has emphasized that it should not lightly be found." 783 F.3d 695, 697 (7th Cir. 2015). Indeed, the Supreme Court has explained that the general jurisdiction inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 138–39 (quoting *Goodyear*, 564 U.S. at 919) (alterations in original). The Court has identified two places where this condition is satisfied: the corporation's place of incorporation and its principal place of business. *Id.* at 137.

Benco is incorporated in Delaware, and its principal place of business is in Pennsylvania. Therefore, the Court does not have general jurisdiction over Benco.

Specific jurisdiction is proper only if the "defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). "The contacts needed for this kind of jurisdiction often go by the name 'purposeful availment.'" *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1024 (2021) (citation omitted). Specific jurisdiction is appropriate when "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (internal quotation marks and citation omitted). The "mere fact that defendant's conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Advanced Tactical*, 751 F.3d at 801 (alterations and citation omitted). Instead, the defendant's conduct and connection with the forum state must be substantial enough to make it reasonable for the defendant to anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). "[T]he relation between the defendant and the forum must arise out of the contacts that the defendant himself creates with the forum." *Advanced Tactical*, 751 F.3d at 801 (internal quotation marks and citation omitted).

Plaintiff asserts that Coleman established a "substantial and ongoing relationship in Wisconsin." Pl.'s Br. at 13, Dkt. No. 13. But the contacts Plaintiff cites are not of a nature and quality that would give Coleman fair warning that she would be required to defend an action in Wisconsin. *See Burger King*, 471 U.S. at 472. Plaintiff maintains that Coleman sought and obtained employment from Plaintiff, a Wisconsin-based company. Although Coleman sought

5

employment from Plaintiff, her employment agreements with Plaintiff were governed by Texas law. It is undisputed that Coleman worked and lived in Texas, exclusively serviced customers in Texas, and reported to Texas supervisors. She never interacted with, solicited, or serviced any customers located in Wisconsin. Coleman Aff. ¶¶ 6–7. Plaintiff contends that Coleman had telephone contact with Plaintiff's Wisconsin-based employees, including customer service and information technology support. But the Seventh Circuit has held that telephone contacts alone are insufficient to satisfy jurisdictional requirements, otherwise "[u]se of the interstate telephone and mail service to communicate with a Wisconsin plaintiff, if constituting contacts supporting jurisdiction, would give jurisdiction to any state into which communications were directed." *Lakeside Bridge & Steel Co. v. Mountain State Const. Co., Inc.*, 597 F.2d 596, 604 (7th Cir. 1979).

Plaintiff also asserts that, in 2019 and 2020, Coleman attended national sales meetings that were held in Wisconsin and involved all of Plaintiff's nationwide salesforce. While "physical entry into the State . . . is certainly a relevant contact," *Walden*, 571 U.S. at 285, a defendant's presence in a state supports jurisdiction only if it is meaningful enough to "create a 'substantial connection' with the forum state." *Burger King*, 471 U.S. at 475 (citation omitted). The limited nature of Coleman's trips to Wisconsin for her employment render them insufficient to create the substantial connection necessary to support specific jurisdiction. In short, Plaintiff has not established that this Court has specific jurisdiction over Coleman.

As to Benco, Plaintiff asserts that Benco "purposefully directed activities in Wisconsin by registering to conduct business in Wisconsin, operating as a direct competitor of [Plaintiff], targeting [Plaintiff's] employees, and allowing or encouraging [Plaintiff's] employees to misappropriate [Plaintiff's] customer list and violate their employment agreements." Pl.'s Br. at 13. "For a State to exercise jurisdiction consistent with due process," however, "the defendant's

6

*suit-related* conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284. None of the purported Wisconsin-related activities Plaintiff cites relate to this litigation. Plaintiff alleges that Benco hired a Texas resident to work in Texas and service its Texas customers. Even though Benco is one of Plaintiff's competitors and is registered to conduct business in Wisconsin, Plaintiff has not shown that those activities have any connection with this litigation. "The mere fact that defendant's conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Advanced Tactical*, 751 F.3d at 801 (internal quotation marks, alterations, and citation omitted). Plaintiff has not offered any evidence of litigation-specific conduct by Benco that would have created the necessary contacts with Wisconsin to establish specific jurisdiction. In sum, Plaintiff has not established that this Court has specific jurisdiction over Defendants.

## CONCLUSION

For these reasons, the Court concludes that it lacks personal jurisdiction over Defendants. Defendants' motion to dismiss (Dkt. No. 4) is therefore **GRANTED**. The Clerk is directed to enter judgment dismissing Plaintiff's case without prejudice for lack of personal jurisdiction.

**SO ORDERED** at Green Bay, Wisconsin this 20th day of May, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge